## DENNIS A. McCREADY *vs.* ROBERT CANN.

Want or failure of the consideration of a note, or other equities, may be set up as between the original parties or against an indorsee *after* maturity; but not as against an indorsee, in the usual course of trade.

An indorsement is prima facie taken to be in the usual course.

THIS was an action by indorsee against the drawer of a promissory note, in favor of Matthew R. Carnahan, dated March 6, 1848, for $144 13, payable at the Bank of Wilmington and Brandywine.

The defence was, that the note was subject to certain equities as between Cann and Carnahan, having been indorsed (as was alledged) after maturity; and that it was endorsed to McCready, without consideration, and held for Carnahan.

*By the Court :—*

This note is an agreement by the drawer to pay it, at all events to the payee, or to any one to whom he endorses it. As between the original parties, the drawer and payee, want or failure of consideration, or any like equities, may be set up. But not so as against an indorsee. In his case, it must be shown that he had notice of the infirmities of the note, or that he took the indorsement out of the usual course of business. This must be proved by the party objecting to the note. The indorsement must be taken to have been in the usual course of business, *before maturity,* unless it is otherwise proved; nor can any inference of irregularity arise from the omission to present the note; or to protest it. That was not necessary, to charge the drawer. (3 *Harr. Rep.* 388, *Bush* vs. *Peckard.*)

Verdict for plaintiff.

*Patterson*, for plaintiff.
*Rodney*, for defendant.